UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>MARIA LOPEZ,<br><br>    Defendant. | Case No: C 11-01378 SBA<br><br>**ORDER REMANDING ACTION**<br><br>Dkt. 4 |

On May 11, 2010, Plaintiff United States of America filed an unlawful detainer action against Defendant Maria Lopez in Sacramento County Superior Court to evict her from property located at 930-1st St., Galt, California. Trial was scheduled for August 23, 2010. On August 12, 2010, however, Defendant, acting pro se, improperly filed a Notice of Removal to this District. United States v. Maria Lopez, No. C 10-3574 LB (N.D. Cal.). Although Plaintiff filed a motion to remand, Magistrate Judge Laurel Beeler of this Court did not address the merits of the motion, and instead, transferred the action sua sponte to the Eastern District of California on August 25, 2010, pursuant to 28 U.S.C. § 1406. Id., Dkt. 5. Several months later, on February 9, 2011, the Eastern District finally remanded the action to state court. On March 22, 2011, Defendant again removed the same action from Sacramento County Superior Court to this Court, ostensibly on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Dkt. 1. Plaintiff has filed a request to remand the action or transfer it to the Eastern District of California. Dkt. 4.

A district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004); accord Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject

matter jurisdiction may be raised at any time by either party or by the court sua sponte). The federal removal statute permits the removal of an action which could have been brought originally in federal court. See 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir.1999). A district court must remand a case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction") (citing Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)).

District courts have diversity jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a). The amount in controversy is determined by the amount of damages or the value of the property that is the subject matter of the action. Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 433 (1977). The diversity statute is strictly construed, and any doubts are resolved against finding jurisdiction. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1092 (9th Cir. 1983).

In this case, the state court complaint sets forth a single cause of action for unlawful detainer under California law. The pleadings expressly state that the "amount demanded does not exceed $10,000." In addition, the damages sought in the Complaint confirm that less than $75,000 is in controversy. Plaintiff seeks recovery of $30 per day as a reasonable rental value for the property, accruing from May 10, 2010. Compl. at 3. When the action was removed on March 22, 2011, a total of 316 days had elapsed since May 10, 2010, resulting in accrued rent in amount of $9,480—well below the $75,000 jurisdictional minimum. Remand is therefore warranted. See Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992) (lack of specific facts demonstrating that the amount in controversy at the time

1  of removal met the jurisdictional minimum justified remand).[1]  In addition, remand is
2  warranted based the fact that Defendant filed her notice of removal in the wrong judicial
3  district, as Sacramento County lies in the Eastern District, not the Northern District of
4  California. See Willingham v. Creswell-Keith, Inc., 160 F.Supp. 741, 743 (W.D. Ark.
5  1958) ("A case removed to the wrong division or district should be remanded to the state
6  court."). Accordingly,

7       IT IS HEREBY ORDERED THAT the instant action is REMANDED to the
8  Sacramento County Superior Court.  The Clerk shall terminate all pending matters and
9  close the file.

---

[1] Defendant does not allege federal question jurisdiction, 28 U.S.C. § 1331, as a basis of for removal, and it is clear that no federal claims are alleged in the Complaint.

IT IS SO ORDERED.

Dated: May 6, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA et al,

        Plaintiff,

  v.

LOPEZ et al,

        Defendant.
                                        /

Case Number: CV11-01378 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 9, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Maria Lopez
930 1st Street
Galt, CA 95632

Dated: May 9, 2011
                                        Richard W. Wieking, Clerk
                                        By: LISA R CLARK, Deputy Clerk